**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: Anthony Anderson | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | **Judge:** |
| | ) | |
| | ) | **Magistrate:** |
| v. | ) | July Demand Requested |
| | ) | |
| Pendrick Capital Partners II | ) | |
| 1714 Hollinwood Drive | ) | |
| Alexandra, VA 22307 | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| And | ) | |
| | ) | |
| Ability Recovery Services, LLC | ) | |
| 284 Main Street | ) | |
| Dupont, PA 18641 | ) | |

Now comes Plaintiff, by and through his attorneys, and, for her Complaint alleges as follows:

## **INTRODUCTION**

1. Plaintiff, Anthony Anderson, brings this action to secure redress from unlawful collection practices engaged in by Defendants, Pendrick Capital Partners II and Ability Recovery Services, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e.

3. It is a violation of 15 U.S.C. Section 1692e(5) to threaten to take action that a Debt Collector had no intention of taking.

4. The Seventh Circuit Court of Appeals stated in *Evory* v. *RJM*

*Acquisitions Funding, L.L.C.*, 505 F.3d 769, 2007 WL 3071678 (7th Cir., 2007), that there is potential for deception in suggesting that an offer to settle by a certain date means there will be no other chance to settle their debt.

**JURISDICTION AND VENUE**

5. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).
6. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

**JOINDER OF PARTIES**

7. This action comes out of the scope of one debt and one collection transaction, under Federal Rule of Civil Procedure 20, Joinder of both Defendant Pendrick Capital Partners II and Defendant Ability Recovery Services, LLC is proper.

**PARTIES**

8. Plaintiff, Anthony Anderson (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
9. Plaintiff is a resident of the State of Illinois.
10. Defendant, Pendrick Capital Partners II. (hereinafter "Defendant 1"), is a Virginia business entity with an address of 1714 Hollinwood Drive , Alexandria, VA 22307 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
11. Defendant, Ability Recover Services, LLC, (hereinafter "Defendant 2"), is a Pennsylvania business entity with an address of 284 Main Street, Dupont, PA 18641 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

**STANDING**

12. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
13. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

## **ALLEGATIONS**

14. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $472.50 (the "Debt") to an original creditor (the "Creditor")
15. The Debt was purchased, assigned or transferred to Defendant 1 for collection, or Defendant 1 was employed by the Creditor to collect to Debt.
16. Defendant 2 is collecting for this debt on behalf of Defendant 1 in an agency relationship.
17. The Defendant 1 and 2 attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
18. On December 19, 2017, Defendant 2 mailed the initial collection letter to Plaintiff. See Exhibit A.
19. On or about December 26, 2017, Plaintiff received said letter. See Exhibit A.
20. Said letter stated "[A]t this time we are offering a 25% discount on the amount you owe. If we receive the discounted amount within 30 days, you will have no further obligation to us regarding the delinquent account." See Exhibit A.
21. Further in same letter it states, "[B]e further advised that our client has instructed this office to make a direct report to a credit reporting agency should this debt go unresolved." See Exhibit A.
22. No language is found in said letter stating that Defendant 1 is "not obligated to renew the offer." See Exhibit A.

23. Plaintiff was under the impression and belief that if he did not accept the offer from Defendant 2 shown in paragraph 20, he would not be able to get a reduced payment.
24. Plaintiff's impression is enlarged by the statement in paragraph 21 of this Complaint, feeling as if this payment was not made within thirty days of the letter, Defendant would report this to one of his credit reporting agencies.
25. Next, on February 2, 2018 Defendant 2 mailed a second collection letter with an even more generous discount.
26. Said letter stated "[A]t this time we are offering a 35% discount on the amount you owe. If we receive the discounted amount within 30 days, you will have no further obligation to us regarding the delinquent account."
27. Defendant clearly had no intention of limiting the time for the discount stated in paragraph 20 of this Complaint, even though it gave the Plaintiff a clear impression that it was a one time only deal.
28. As stated in paragraph 23 of this Complaint, Defendant had threated to report this debt to the credit bureaus if not resolved. See Exhibit A.
29. It in fact never got resolved and Defendant 1 never reported it; it was just sent to a new Debt Collector. See Exhibit C.

**VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
31. The Defendants' conduct violated 15 U.S.C. Section 1692e in that the Defendant materially misled Plaintiff through this communication.
32. The Defendant's conduct violated 15 U.S.C. Section 1692e in that the Defendant made a threat it had no intention of carrying out.
33. Plaintiff is entitled to damages as a result of Defendant's violations.

**JURY DEMAND**

34. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

35. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant 1 and Defendant 2 for:

(1) Statutory damages;

(2) Cease all collection activities including deleting debt from Plaintiff's credit report;

(3) Attorney fees, litigation expenses and costs of suit; and

(4) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff